## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN F. TUCKEY,** | : | **CIVIL ACTION NO. 1:13-CV-02096** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **INTERMATIC, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM

Presently before the court in the above-captioned action is plaintiff Stephen Tuckey's ("Tuckey") motion to remand to state court. (Doc. 9). Tuckey contends that the court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy does not exceed $75,000. Therefore, he requests that the court remand the above-captioned matter to state court. For the reasons that follow, the court will deny the motion.

## I.    Factual Background and Procedural History

The instant action arises from a fire at the home of plaintiff Stephen Tuckey on November 29, 2011. (Doc. 1, Ex. A ¶¶ 4-5). In his complaint, Tuckey alleges that a defective timer sold by defendant Intermatic, Inc. ("Intermatic") caught on fire and caused extensive property damage. (Id.) On June 20, 2013, Tuckey instituted a state court action against Intermatic in the Court of Common Pleas of Cumberland County, Pennsylvania, alleging claims of negligence, strict liability, and breach of express and implied warranties. (Id. ¶¶ 6-21). Tuckey seeks judgment against

Intermatic "in an amount in excess of $50,000.00, plus costs incident to this suit, delay damages, and attorney fees." (Id.)

On August 6, 2013, Intermatic removed this action to federal court in the United States District Court for the Middle District of Pennsylvania on the basis of diversity jurisdiction. (Doc. 1 ¶¶ 3-13). The parties agree that diversity of citizenship exists. (Id. ¶ 8; id., Ex. A ¶¶ 1-2). Tuckey resides in Mechanicsburg, Pennsylvania, and Intermatic is a Delaware corporation, with its principal place of business in Illinois. (Doc. 1 ¶¶ 3, 7-8; id., Ex. A ¶¶ 1-2; Doc. 4 ¶ 2). However, on December 16, 2013, Tuckey filed the instant motion to remand to state court. (Doc. 9). Tuckey asserts that the amount in controversy will not exceed $75,000 as required for diversity jurisdiction. (Id. ¶ 4; see also id., Exs. C-E). Intermatic argues that the damages will likely exceed $75,000 due to unspecified delay damages. (Doc. 11 at 7-11). The motion has been fully briefed and is ripe for disposition.

## II.   <u>Legal Standard</u>

Under 28 U.S.C. § 1441(a), a defendant may remove an action brought in state court to federal district court if the claims fall within the scope of federal jurisdiction. <u>See</u> 28 U.S.C. § 1441(a); <u>Allbritton Commc'ns Co. v. NLRB</u>, 766 F.2d 812, 820 (3d Cir. 1985). However, a plaintiff may challenge the removal to district court for lack of jurisdiction by filing a motion to remand to state court. <u>See</u> <u>Dunfee v. Allstate Ins. Co.</u>, No. 08-CV-01425, 2008 WL 2579799, at *2 (E.D. Pa. June 26, 2008). If the district court lacks subject matter jurisdiction, the district court must remand the action to state court. <u>See</u> 28 U.S.C. § 1447(c).

As the removing party asserting federal jurisdiction, the defendant bears the burden of proving that the action is properly before the district court. See McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). In order to establish diversity jurisdiction, the defendant must establish that the matter is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a). In the case *sub judice*, the parties do not dispute diverse citizenship because Tuckey is a resident of Pennsylvania and Intermatic is incorporated in Delaware with its principal place of business in Illinois; however, Tuckey asserts that the alleged damages do not satisfy the amount in controversy requirement.

The Supreme Court established the prevailing standard by which the court must consider a challenge to the amount in controversy requirement:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). When applying this standard, federal courts must be certain that the jurisdictional threshold cannot be met before dismissal is appropriate. See, e.g., Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995); Nelson v. Keefer, 451 F.2d 289, 293 (3d Cir. 1971); Jaconski v. Avisun Corp., 359 F.2d 931 (3d Cir. 1966)

3

("[The test] is whether it appears to a 'legal certainty' that [plaintiff] cannot recover an amount above the jurisdictional minimum.").

The plaintiff is the "master of the case" and may limit the claims in the complaint to keep the amount in controversy below the jurisdictional threshold. Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006) (internal quotations and citation omitted).  When the plaintiff does not specifically aver in the complaint that the amount in controversy is less than $75,000, the court applies a two-step analysis for a motion to remand to state court.  See Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 397-98 (3d Cir. 2004).  First, the defendant has the burden of establishing by competent proof and by a preponderance of the evidence that the claims exceed $75,000.  See id.; see also McNutt, 298 U.S. at 189.  Second, once the defendant meets this burden, the court must determine whether it is apparent to a "legal certainty" that the plaintiff cannot recover more than the amount in controversy. See Samuel-Bassett, 357 F.3d at 397-98.  If the plaintiff cannot recover more than $75,000 to a "legal certainty," the court must dismiss the action.  Id. at 397.

**III.**   **Discussion**

With the above legal standard in mind, the court must determine whether the instant action satisfies the amount in controversy requirement for diversity jurisdiction.  In the complaint, Tuckey seeks compensatory damages "in an amount in excess of $50,000.00, plus costs incident to this suit, delay damages, and attorney fees."  (Doc. 1, Ex. A).  The court notes that Tuckey does not specifically limit his claim for damages to less than $75,000.  Accordingly, the court will apply the two-

4

step <u>Samuel-Bassett</u> analysis and first assess whether Intermatic demonstrates, by a preponderance of the evidence, that the claim for damages exceeds $75,000.

The general rule is to determine the amount in controversy from the complaint itself.  <u>Horton v. Liberty Mut. Ins. Co.</u>, 367 U.S. 348, 353 (1961); <u>Angus v. Shiley Inc.</u>, 989 F.2d 142, 145 (3d Cir. 1993).  As the court noted above, Tuckey merely requests compensatory damages "*in excess of* $50,000."  (Doc. 1, Ex. A).  However, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."  <u>Angus</u>, 989 F.2d at 146.  When the complaint does not request a specific monetary amount, the court may make an independent appraisal of the claims based on the record.  <u>Id.</u>; <u>Hamm v. Allstate Prop. & Cas. Ins. Co.</u>, 908 F. Supp. 2d 656, 663 (W.D. Pa. 2012).

In several communications, Tuckey advised Intermatic that he paid $73,929.03 in total for completed property repairs through his insurance company.  (Doc. 9, Exs. C-E).  The court finds that the record clearly establishes that Tuckey seeks, at a minimum, compensatory damages in the amount of $73,929.03.

In addition to compensatory damages, Tuckey also seeks unspecified delay damages under Pennsylvania law.  (Doc. 1, Ex. A; Doc. 11 at 7-11).  Pursuant to Pennsylvania Rule of Civil Procedure 238, the court may award damages to a prevailing plaintiff in an action for bodily injury or property damage for the delay preceding judgment.  <u>See</u> PA. R. CIV. P. 238(a)(1).  Delay damages are awarded from one year after the date original process was served up to the date of the award.  <u>See</u>

PA. R. CIV. P. 238(a)(2).  Such damages are calculated at the rate "equal to the prime

rate as listed in the first edition of the Wall Street Journal published for the

calendar year for which the damages are awarded, plus one percent, not

compounded."  PA. R. CIV. P. 238(a)(3).  The rate for delay damages has been 4.25%

for each year between 2009 and 2014.  See PA. R. CIV. P. 238 add.

The federal courts sitting in Pennsylvania consistently apply Rule 238 in tort

cases to award delay damages.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)

(holding that, in diversity cases, federal courts apply the substantive law of the state

in which they sit); Kirk v. Raymark Indus. Inc., 61 F.3d 147, 168 (3d Cir. 1995)

(stating that Rule 238 is a substantive, rather than procedural, rule); Fauber v. KEM

Transp. & Equip. Co., 876 F.2d 327, 328 (3d Cir. 1989) ("[U]nder Erie, [Rule 238]

must be followed by federal courts sitting in diversity cases.").  Accordingly, the

court must evaluate whether Intermatic demonstrates that Tuckey may recover

more than $75,000 with delay damages under Pennsylvania law.

In the instant matter, original process was served on Intermatic on July 8,

2013.  (Doc. 1, Ex. B).  Thus, under Rule 238, delay damages will begin to accrue on

July 8, 2014 and will continue to accrue until a jury verdict.  See PA. R. CIV. P.

238(a)(2).  However, according to the court's Case Management Order, this case will

not proceed to jury selection and trial until December 2014 at the earliest.  (Doc. 8).

Assuming arguendo that the trial proceeds as scheduled, delay damages for the

period of July 8, 2014 to December 2, 2014 would amount to approximately

$1,268.88.  The court's calculation of delay damages is based on a full award of

6

$73,929.03 in compensatory damages multiplied by a simple interest rate of 4.25% per annum.  See Pa. R. Civ. P. 238 add.  By this calculation, Tuckey would accrue delay damages of $3,141.98 per year or $60.42 per week.  Thus, Tuckey would receive at least $1,268.88 for the 21-week period between accrual of delay damages and the earliest possible jury verdict.  Therefore, the court finds that Tuckey would receive an award of at least $75,197.91 in compensatory and delay damages.  The court concludes that Intermatic sustains its burden of showing that the instant action satisfies the amount in controversy requirement under 28 U.S.C. § 1332(a).

Turning to the second step of the Samuel-Bassett analysis, there is simply no evidence that Tuckey cannot meet the amount in controversy requirement "to a legal certainty."  Tuckey contends that the compensatory damages will not exceed $73,929.03 because the delay damages are unknown and will not even begin to accrue until June 20, 2014.  (Doc. 9, Ex. G).  However, this position is inconsistent with the Supreme Court's standard set forth in St. Paul Mercury.  Dismissal is appropriate only when the court is aware *to a legal certainty* that the jurisdictional threshold cannot be satisfied.  See St. Paul Mercury, 303 U.S. at 288-89.  In this case, the record shows that Tuckey seeks at least $73,929.03 in compensatory damages for property damage repairs paid by his insurance company.  (Doc. 9, Exs. C-E).  Moreover, the court has already determined that Tuckey would receive at least $1,268.88 in delay damages.  Thus, the requested compensatory damages and expected delay damages are sufficient to satisfy the amount in controversy requirement.  The court cannot find to a legal certainty that Tuckey will be unable

to recover more than $75,000.  As a result of the court's conclusions, the court holds that the instant action satisfies the amount in controversy requirement in order to establish diversity jurisdiction.

## IV.   **Conclusion**

For the foregoing reasons, the court will deny Tuckey's motion to remand to state court.  (Doc. 9).

An appropriate order shall issue.

 /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      January 24, 2014